IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILFRED W. NIELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3180 |
| | ) | |
| v. | ) | |
| | ) | |
| CATHY SHEAIR, RICHARD S. ELLIOTT, RANDY KOHL, ROBERT HOUSTON, KAREN SHORTRIDGE, FRANK X. HOPKINS, JOHN DAHM, FRED BRITTEN, MICHAEL KENNEY, RICHARD CRUICKSHANK, DANIEL SCHMUECKER, DALLEN JOHNSON, MOHAMMAD KAMAL, ANN HAMILL, KATHLEEN TAYLOR, and MARIO PEART, | ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER ON OPPOSITION TO MAGISTRATE'S ORDER DENYING PLAINTIFF COUNSEL |
| Defendants. | ) ) | |

On August 26, 2005, an order was issued by a United States Magistrate Judge denying the plaintiff's motion for appointment of counsel, filing 8. The plaintiff now objects to that order by virtue of 28 U.S.C. § 636(b)(1), which permits a judge to "reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." I agree that the order is clearly erroneous and contrary to law.

The magistrate judge's order notes the standard for appointment of counsel in civil cases as set down in *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). There the circuit court noted that the trial court has broad discretion in making appointment of counsel, taking into account "the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim" (Citations omitted). In his brief the plaintiff points to *Rayes v. Johnson*, 969 F.2d 700 (8th Cir. 1992), as an example of an abuse of discretion in the appointment of counsel. That case is somewhat different in that it had to do with appointment of substitute counsel and the court was able to view deficiencies that the plaintiff had in his ability to successfully make discovery and to present his case at the trial.

Here, we have no deficient performance at trial and none yet in the discovery process, because neither the trial nor the discovery has been undertaken.

Nonetheless, I have what the magistrate judge did not have:  the plaintiff's affidavit, filing 11, and the affidavit of Steven M. Jacob, filing 12, asserting that based on past experience in acting as a "jail house lawyer" for many years, the plaintiff is inept in contesting with the prison administration's resistance to discovery; he is not adept in matters of medicine; he is physically handicapped by dizziness and ataxia; and he is not permitted by the prison administration to retain bulky collections of documents.  The only shortcoming I have seen in the recitations of the complaint is its inordinate length--it is 100 pages long in typewritten, double-spaced form and over 200 pages contained within what are grouped into Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R, S, T, and U, which the plaintiff wants to have considered as a part of the complaint (*See* for example, ¶ 75, "all the above-described documents . . . are attached hereto and by this reference are made a part as Exhibit A.").  The exhibits are not attached to the complaint.

Rule 8 of the Federal Rules of Civil Procedure says that a pleading that sets forth a claim for relief "shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Rule 10 of the Federal Rules of Civil Procedure says:

> Statements in a pleading may be adopted by reference in a different part of the same pleading . . .   A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.

The plaintiff presents those 300-plus papers as his "short and plain statement of the claim." That he does so is not convincing evidence that he "has capably presented the factual basis for the claims in this proceeding," contrary to the magistrate judge's conclusion to the contrary.

Working through each of the eleven claims for relief, including discovery and trial presentation, if necessary, seems unrealistic without the help of a competent attorney on behalf of the plaintiff.  Such an attorney would be helpful, not only to the plaintiff, but to the court as well.  I see nothing in the complaint, including the documents marked as Exhibits A through U, to suggest that the claims are frivolous or malicious.   The pleading appears to state a prima facie

case. The plaintiff has averred by affidavit that he has attempted to engage an attorney, but has been unsuccessful beyond getting a refusal from one and no response from two others. His ability to investigate the facts and present his claim is meager and the exhibits attest to there being conflicting positions.

The legal issues are somewhat complex, although the plaintiff seems to be quite capable of researching those issues.

The plaintiff has alleged a colorable claim. The circumstances of his confinement are likely to prevent him from adequately investigating and presenting his claims.

An alternative to the appointment of counsel now would be to permit the case to proceed pro se until difficulties arose, but that is likely to have no observable effect accept delay. The benefit to the plaintiff and to the court in appointing counsel now has all the advantages and none of the detriment of waiting for problems to arise.

IT IS ORDERED that

1. the document docketed as a motion for reconsideration regarding order on motion to appoint counsel, filing 11, is granted; and

2. Krista L. Kester, Woods & Aitken, L.L.P., 301 S. 13th Street, Suite 500, Lincoln, Nebraska 68508 (402) 437-8500, is appointed as counsel for the plaintiff.

Dated September 27, 2005.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge