IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILFRED W. NIELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3180 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CATHY SHEAIR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 42, the Motion to Dismiss and Request for Extension of Time, filed by the defendants, Cathy Sheair, et al. The plaintiff, Wilfred W. Nielsen, who is 67 years old and is serving a life sentence at the Nebraska State Penitentiary, asserts federal civil rights claims pursuant to 42 U.S.C. §1983 against the defendants, in their individual and official capacities. The plaintiff states that since 1991, the defendants have exhibited deliberate indifference to his serious health and medical needs. The defendants allege that most of the plaintiff's claims are barred by the applicable statute of limitations.

As 42 U.S.C. § 1983 does not contain a statute of limitations, the United States Supreme Court has ruled that the limitations period for a claim arising under § 1983 is the general statute of limitations applicable to personal injury actions under the law of the state where the claim accrued. Owens v. Okure, 488 U.S. 235, 249-50 (1989); Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Nebraska, that statute is the four-year personal injury statute of limitations contained in Neb. Rev. Stat. § 25-207.[1] Bridgeman v. Nebraska State Pen, 849 F.2d 1076, 1077 (8th Cir. 1988) (*per curiam*).

However, it is *federal* law which determines when a cause of action brought under 42 U.S.C. § 1983 accrues. Pearl v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). See Heard v. Sheahan, 253 F.3d 316, 317-18 (7th Cir. 2001): "Tolling interrupts the statute of limitations after it has begun to run, but does not determine when it begins to run; that question is the question of accrual ... and in section 1983 suits as in other suits under federal law the answer is furnished by federal common law rather than by state law." (Citation omitted.) See also CSC Holdings, Inc. v. Redisi, 309 F.3d 988, 992 (7th Cir.

---

[1] Neb. Rev. Stat. § 25-207 states in pertinent part: "The following actions can only be brought within four years: ... (3) an action for an injury to the rights of the plaintiff, not arising on contract, and not hereinafter enumerated ...."

1

2002): "'[T]he statute of limitations does not begin to run on a continuing wrong till the wrong is over and done with....' ... This is a general legal principle, just as applicable to Title VII and Section 1983 cases as it is to copyright violations or business torts." (Citations omitted.)

In Heard v. Sheahan, the defendants' denial of medical care to a prisoner for his hernia amounted to a "continuing violation" that kept the plaintiff's claims alive long after the plaintiff discovered that he had a medical problem requiring attention.

> A violation is called "continuing," signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct. The injuries about which the plaintiff is complaining in this case are the consequence of a numerous and continuous series of events....
>
> When a single event gives rise to continuing injuries ... the plaintiff can bring a single suit based on an estimation of his total injuries, and that mode of proceeding is much to be preferred to piecemeal litigation despite the possible loss in accuracy. But in this case every day that the defendants ignored the plaintiff's request for treatment increased his pain. Not only would it be unreasonable to require him, as a condition of preserving his right to have a full two years to sue in respect of the last day on which his request was ignored, to bring separate suits two years after each of the earlier days of deliberate indifference; but it would impose an unreasonable burden on the courts to entertain an indefinite number of suits and apportion damages among them....
>
> Numerous cases assume that a federal doctrine of continuing wrongs is indeed applicable to suits under 42 U.S.C. § 1983 .... We agree. We have enough prisoners' suits without having to create incentives to bring multiple suits arising out of the same course of events.

Heard v. Sheahan, 253 F.3d at 319-20 (citations omitted). Similarly, the continuing violation doctrine applies to the plaintiff's claims of deliberate indifference in this case, at least insofar as can be determined on a factually undeveloped record.

In filing no. 42, the defendants also contend that the plaintiff has failed to state a claim on which relief may be granted as to defendants-Robert Houston, Karen Shortridge, Dallen Johnsen, Mohammed Kamal, Kathleen Taylor, and Mario Peart. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests only the legal sufficiency of the plaintiff's complaint if the factual allegations in the complaint are accepted

2

as true.  Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 651 (8th Cir. 1998).  See also Browning v. Clinton, 292 F.3d 235, 241-42 (D.C. Cir. 2002): "[W]e accept the plaintiff's factual allegations as true and construe the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged,' .... At the Rule 12(b)(6) stage, we do not assess 'the truth of what is asserted or determin[e] whether a plaintiff has any evidence to back up what is in the complaint.'"  (Citations omitted.) Thus, a claim should be liberally construed in the light most favorable to the plaintiff and should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).  In light of that strict standard, the foregoing defendants will not be dismissed from this litigation pursuant to Fed. R. Civ. P. 12(b)(6).

In filing no. 42, the defendants request an extension of the answer date until twenty days after the decision on the Motion to Dismiss, instead of the ten days required by Fed. R. Civ. P. 12(a)(4)(A).  That request is granted.

THEREFORE, IT IS ORDERED:

1. That filing no. 42, the defendants' Motion to Dismiss and Request for Extension of Time, is granted in part and denied in part;

2. That the Motion to Dismiss is denied; and

3. That the Request for Extension of Time is granted, and the defendants shall file an Answer to the complaint within twenty days of the date of this Memorandum and Order.

DATED this 5th day of December, 2005.

BY THE COURT:

s/ WARREN K. URBOM
United States Senior District Judge