IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILFRED W. NIELSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3180 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| CATHY SHEAIR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 51, the Motion to Dismiss filed by defendants-Michael Kenney, Cathy Sheair, Mario Peart, Mohammad Kamal, Robert Houston, Frank X. Hopkins, Randy Kohl, Dallen Johnson, Fred Britten, John Dahm, Kathleen Taylor, and Karen Shortridge, each in his or her individual capacity. The defendants contend that none of them has been served with process in his or her individual capacity.

However, the record reveals the following information to the contrary:

1. Filing no. 17 is a return of service executed upon Michael Kenney by personal service at his place of business on October 6, 2005;

2. Filing no. 18 is a return of service executed upon Cathy Sheair by personal service at her place of business on October 12, 2005;

3. Filing no. 19 is a return of service executed upon Mario Peart by personal service at his place of business on October 6, 2005;

4. Filing no. 21 is a return of service executed upon Dr. Mohammed Kamal by personal service at his place of business on October 12, 2005;

5. Filing no. 22 is a return of service executed upon Robert Houston by personal service at his place of business on October 12, 2005;

6. Filing no. 23 is a return of service executed upon Frank X. Hopkins by personal service at his place of business on October 6, 2005;

7. Filing no. 24 is a return of service executed upon Dr. Randy Kohl by personal service at his place of business on October 6, 2005.

As defendants-Kenney, Sheair, Peart, Kamal, Houston, Hopkins and Kohl were personally served and accepted service at a place where they could be found within the court's jurisdiction, no defect in the service upon them in their individual capacity is apparent from the record.

In addition, filing no. 20 is a return of service executed upon Dallen Johnson by personal service **on Kim Roberts (Litigation Coordinator)** at Mr. Johnson's place of business on October 12, 2005.  Similarly, filing no. 26 is a return of service executed upon Fred Britten by certified mail at his place of business, signed for by a co-worker on October 15, 2005.  Filing no. 28 is a return of service executed upon John Dahm by certified mail at his place of business, signed for by a co-worker on October 15, 2005.  Filing no. 30 is a return of service executed upon Kathleen Taylor by certified mail and signed for by Ms. Taylor at her place of business on October 15, 2005.  Filing no. 37 is a return of service executed upon Karen Shortridge by certified mail and signed for by Ms. Shortridge at her place of business on October 17, 2005.

If defendant-Johnson contends that Kim Roberts was not authorized to accept service of process on his behalf, and if defendants-Britten and Dahm advance a similar argument as to service upon them by certified mail, I agree with the view expressed by Chief Judge Joseph F. Bataillon in Case No. 4:04-cv-03174, Moore v. Kohl et al., wherein Judge Bataillon stated in filing no. 31:

> Persons who are not authorized to accept a summons and complaint on behalf of a co-worker should not do so.  A defendant state employee, in his or her individual capacity, may stand on the defendant's right to deny an office receptionist or other co-worker authority to receive a summons on the defendant's behalf.  However, it is the defendant's responsibility to warn co-workers at the defendant's place of employment that they have no authority to accept a summons on the defendant's behalf.

In any event, as to all of the foregoing defendants, in their individual capacity, for whom the record shows executed service of process, the defenses of insufficiency of process and insufficient service of process have been waived.  Fed. R. Civ. P. 12(h)(1) states that those defenses are waived if omitted from a motion in the circumstances described in Fed. R. Civ. P. 12(g) (failure to consolidate defenses in a motion to dismiss). The defendants previously filed a Motion to Dismiss (filing no. 42) and failed to join their defenses of insufficiency of process and insufficient service of process.  Accordingly, they waived the omitted defenses.

However, the record does not reveal service of process on the defendants in their official capacity, a matter which the defendants have not raised.  A suit against a public employee in his or her official capacity is actually a suit against the public employer.

Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a state employee, in his or her official capacity, is in reality a claim against the entity that employs the officer, i.e., the State. See, e.g., Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

When serving state employees in their *official* capacity with process, the plaintiff must comply with Neb. Rev. Stat. § 25-510.02(1), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General." The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509. The court permits service of process on multiple state employees in their official capacity to be accomplished in one summons addressed as follows:

> TO: **(Name and address of Defendant)**
>
> **All named defendants in their official capacity**
> **c/o Nebraska Attorney General**
> **2115 State Capitol**
> **Lincoln, NE 68509**

THEREFORE, IT IS ORDERED:

1. That filing no. 51, the defendants' Motion to Dismiss, is denied; and

2. That the plaintiff shall have until March 8, 2006 to serve the defendants in their official capacity, if not already accomplished.

DATED this 30th day of January, 2006.

BY THE COURT:

s/ WARREN K. URBOM
United States Senior District Judge